**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Amanda C. Glaubach
Eitan E. Blander

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS**
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 679-8700
Fred Stevens
Sean Southard

*Proposed Co-Counsel to the Acrux Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **BENITAGO INC.,** | Case No. 23-_____ (___) |
| Debtor. | |
| Tax Id.  No. 81-2249698 | |
| *In re* | Chapter 11 |
| **Acrux LLC,** | Case No. 23-_____ (___) |
| Debtor. | |
| Tax Id.  No. 86-1759391 | |
| *In re* | Chapter 11 |
| **Aludra Limited,** | Case No. 23-_____ (___) |
| Debtor. | |
| Tax Id.  No. 13174147 | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Algedi LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 86-2583835** | |
| *In re* | **Chapter 11** |
| **Biham LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 86-2604095** | |
| *In re* | **Chapter 11** |
| **Canopus LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 86-2638124** | |
| *In re* | **Chapter 11** |
| **Denebola LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 86-2665430** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Errai LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 86-2697652** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Felis LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 86-2724176** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Ginan LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-1822439** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Hamal LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-1911775** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Izar LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-2136010** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Jabbah LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-1970658** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Kamuy LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-2158461** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Lich LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-2012892** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Maasym LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-2059332** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Nusakan LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-2111861** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Okab LLC,** | Case No. 23-_____ (___) |
| Debtor. | |
| **Tax Id.  No. 87-2096499** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Phact LLC,** | Case No. 23-_____ (___) |
| Debtor. | |
| **Tax Id.  No. 87-1933663** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Dalim LLC,** | Case No. 23-_____ (___) |
| Debtor. | |
| **Tax Id.  No. 88-0664741** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Segin LLC,** | Case No. 23-_____ (___) |
| Debtor. | |
| **Tax Id.  No. 87-4818849** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Veritate LLC,** | Case No. 23-_____ (___) |
| Debtor. | |
| **Tax Id.  No. 88-0546416** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Wazn LLC,** | Case No. 23-\_\_\_\_\_ (\_\_\_) |
| **Debtor.** | |
| **Tax Id.  No. 88-0577193** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Yildun LLC,** | Case No. 23-\_\_\_\_\_ (\_\_\_) |
| **Debtor.** | |
| **Tax Id.  No. 88-0583017** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Bharani LLC,** | Case No. 23-\_\_\_\_\_ (\_\_\_) |
| **Debtor.** | |
| **Tax Id.  No. 88-0611732** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Revati LLC,** | Case No. 23-\_\_\_\_\_ (\_\_\_) |
| **Debtor.** | |
| **Tax Id.  No. 87-4810170** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Alhena LLC,** | Case No. 23-\_\_\_\_\_ (\_\_\_) |
| **Debtor.** | |
| **Tax Id.  No. N/A** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Taiyi LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. N/A** | |
| *In re* | **Chapter 11** |
| **Chechia LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. N/A** | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES

The debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), hereby submit this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), pursuant to section 342(c)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (i) directing the joint administration of the Debtors' separate Chapter 11 Cases for procedural purposes only and (ii) waiving the requirement that the captions in these Chapter 11 Cases and other notices mailed in connection therewith contain certain identifying information with respect to each Debtor.

In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Santiago Nestares Lampo Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "<u>Nestares</u>

7

Lampo Declaration") and the *Declaration of Thomas Studebaker, the Debtors' Chief Restructuring Officer, Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "Studebaker Declaration"), both filed substantially contemporaneously herewith, and incorporated herein by reference.[1]  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order").  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 2002(n).

## BACKGROUND

4.      On August 30, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their property as debtor and debtors in

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Nestares Lampo Declaration or the Studebaker Declaration (together, the "First Day Declarations"), as applicable.

possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  Concurrently

with the filing of this Motion, the Debtors filed a motion requesting procedural

consolidation and joint administration of these Chapter 11 Cases pursuant to

Bankruptcy Rule 1015(b).

5.    No trustee or examiner has been appointed in these Chapter 11

Cases.  As of the date hereof, no official committee of unsecured creditors has been

appointed or designated.

6.    A detailed description surrounding the facts and circumstances of

these Chapter 11 Cases is set forth in the First Day Declarations, filed

contemporaneously herewith.

## RELIEF REQUESTED

7.    By this Motion, the Debtors request entry of an order, substantially

in the form of the Proposed Order, directing the joint administration of the Debtors'

separate Chapter 11 Cases for procedural purposes only and waiving the requirement

that the captions in these Chapter 11 Cases and other notices mailed in connection

therewith contain certain identifying information with respect to each Debtor.  As an

alternative to including the Debtors' address in the caption, the Debtors propose adding

a footnote listing each of the Debtors and their addresses.

## BASIS FOR RELIEF

8.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . .

two or more petitions are pending in the same court by or against... a debtor and an

affiliate, the court may order a joint administration of the estates."

Fed. R. Bankr. P. 1015.  The Debtors are each "affiliates" of each other as that term is

defined in section 101(2) of the Bankruptcy Code.  Specifically, each of the Debtors are

direct or indirect wholly-owned subsidiaries of Benitago Inc. ("Parent").  Accordingly,

joint administration of these Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

9.     Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for the Debtors and other parties in interest to (a) use a single caption on the documents that will be filed and served herein and (b) file the papers in one case rather than multiple cases.  Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in these Chapter 11 Cases.

10.     The rights of respective creditors will not be adversely affected by joint administration of these Chapter 11 Cases inasmuch as the relief sought herein is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate against which it allegedly has a claim or right.

11.     In furtherance of the foregoing, the Debtors request that the official caption of the Chapter 11 Cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **BENITAGO INC.,** *et al.*, | **Case No. 23-_____ (___)** |
| **Debtors.**[1] | **(Jointly Administered)** |

[1]   The last four digits of Benitago Inc.'s tax identification number are 9698.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/benitago.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  1 Liberty Street, Ste. 320, New York, New York 10006.

12.     The Debtors submit that use of this simplified caption without the previous names will ensure a uniformity of pleading identification.  The Debtors also propose to consolidate these Chapter 11 Cases under the bankruptcy case of the Parent Debtor, "Benitago Inc."

13.     In addition, the Debtors request that the Court make a docket entry on the docket of the Chapter 11 Cases for the Debtors other than Parent, substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Benitago Inc. (Case No. 23-XXXXX (__)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 23-XXXXX) (__) should be consulted for all matters affecting this case.

14.     Accordingly, joint administration will allow the Court and the Debtors to employ a single docket for all of the Chapter 11 Cases and to confine, and thereby simplify, notice to creditors and other parties in interest in these Chapter 11 Cases.  Joint administration will ease the burden on the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in supervising these Chapter 11 Cases.

15.     Moreover, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the Debtors' caption and other notices mailed in these Chapter 11 Cases include information relating to the Debtors is appropriate in these Chapter 11 Cases.  Including the Debtors' addresses on each caption would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of the address requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose that each pleading filed in this case and notices mailed in connection therewith include a footnote listing all of the Debtors and their addresses.

16.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors.  *See, e.g.*, *In re Vice Group Holdings Inc.*, Case No. 23-10738 (JPM) (Bankr. S.D.N.Y. May 17, 2023); *In re Genesis Global Holdco, LLC,* Case No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan. 26, 2023); *In re Endo International plc,* Case No. 22-22549 (JLG) (Bankr. S.D.N.Y. Aug. 17, 2022); *In re Pareteum Corporation*, Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022); *In re JPA No. 111 Co., Ltd.,* Case No. 21-12075 (DSJ) (Bankr. S.D.N.Y. Dec. 20, 2021); *In re JCK Legacy Company*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2020); *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Sept. 18, 2019); *In re Barneys N.Y., Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Aug. 7, 2019); *In re Stearns Holdings, LLC*, No. 19-12226 (SCC) (Bankr. S.D.N.Y. July 10, 2019); *In re New Cotai Holdings, LLC*, No. 19-22911 (RDD) (Bankr. S.D.N.Y. May 10, 2019).

17.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and therefore, should be granted.

## WAIVER OF BANRUPTCY RULES 6004(a) AND 6004(h)

18.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

19.    Notice of this Motion will be given to:  (a) the United States Trustee for the Southern District of New York; (b) SellersFunding; (c) counsel for CoVenture; (d) the parties listed in the list of twenty (20) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (h) any other party entitled to notice pursuant to Local Rule 9013-1(b).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

20.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the

Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant such

other and further relief as is just and proper.

Dated: August 31, 2023  
       New York, New York

BENITAGO INC., *et al*  
*Debtors and Debtors in Possession*  
By their Proposed Counsel  
TOGUT, SEGAL & SEGAL LLP  
By:

*/s/Kyle J. Ortiz*  
Kyle J. Ortiz  
Bryan K. Kotliar  
Amanda C. Glaubach  
Eitan E. Blander  
One Penn Plaza, Suite 3335  
New York, New York 10119  
Telephone: (212) 594-5000

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **BENITAGO INC.,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id. No. 81-2249698** | |
| *In re* | Chapter 11 |
| **Acrux LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id. No. 86-1759391** | |
| *In re* | Chapter 11 |
| **Aludra Limited,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id. No. 13174147** | |

| | |
|---|---|
| *In re*<br><br>**Algedi LLC,**<br><br>        **Debtor.**<br><br>**Tax Id.  No. 86-2583835** | **Chapter 11**<br><br>**Case No. 23-_____ (___)** |
| *In re*<br><br>**Biham LLC,**<br><br>        **Debtor.**<br><br>**Tax Id.  No. 86-2604095** | **Chapter 11**<br><br>**Case No. 23-_____ (___)** |
| *In re*<br><br>**Canopus LLC,**<br><br>        **Debtor.**<br><br>**Tax Id.  No. 86-2638124** | **Chapter 11**<br><br>**Case No. 23-_____ (___)** |
| *In re*<br><br>**Denebola LLC,**<br><br>        **Debtor.**<br><br>**Tax Id.  No. 86-2665430** | **Chapter 11**<br><br>**Case No. 23-_____ (___)** |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Errai LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 86-2697652** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Felis LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 86-2724176** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Ginan LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-1822439** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Hamal LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-1911775** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Izar LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-2136010** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Jabbah LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-1970658** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Kamuy LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-2158461** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Lich LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-2012892** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Maasym LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-2059332** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Nusakan LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. 87-2111861** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Okab LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-2096499** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Phact LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-1933663** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Dalim LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 88-0664741** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Segin LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 87-4818849** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Veritate LLC,** | **Case No. 23-_____ (___)** |
| Debtor. | |
| **Tax Id.  No. 88-0546416** | |

| | |
|---|---|
| *In re* | Chapter 11 |
| **Wazn LLC,** | Case No. 23-_____ (___) |
|        **Debtor.** | |
| **Tax Id.  No. 88-0577193** | |
| *In re* | Chapter 11 |
| **Yildun LLC,** | Case No. 23-_____ (___) |
|        **Debtor.** | |
| **Tax Id.  No. 88-0583017** | |
| *In re* | Chapter 11 |
| **Bharani LLC,** | Case No. 23-_____ (___) |
|        **Debtor.** | |
| **Tax Id.  No. 88-0611732** | |
| *In re* | Chapter 11 |
| **Revati LLC,** | Case No. 23-_____ (___) |
|        **Debtor.** | |
| **Tax Id.  No. 87-4810170** | |
| *In re* | Chapter 11 |
| **Alhena LLC,** | Case No. 23-_____ (___) |
|        **Debtor.** | |
| **Tax Id.  No. N/A** | |

| | |
|---|---|
| *In re* | **Chapter 11** |
| **Taiyi LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. N/A** | |
| *In re* | **Chapter 11** |
| **Chechia LLC,** | **Case No. 23-_____ (___)** |
| **Debtor.** | |
| **Tax Id.  No. N/A** | |

**ORDER DIRECTING JOINT
<u>ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>**

Upon the motion (the "<u>Motion</u>")[1] of the debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>") for entry of an order (this "<u>Order</u>"), (i) directing the joint administration of the Debtors' separate Chapter 11 Cases for procedural purposes only and (ii) waiving the requirement that the captions in these Chapter 11 Cases contain certain identifying information with respect to each Debtor; and upon the First Day Declarations; and the Court having jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and the Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in

---

[1]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the Motion, and such notice having been adequate and appropriate under the

circumstances; and the Court having reviewed the Motion and the First Day

Declarations and having heard the statements in support of the relief requested therein

at a hearing before the Court, if any (the "Hearing"); and the Court having determined

that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors, and all parties in interest; and the Court having determined that the

legal and factual basis set forth in the Motion and on the record of the Hearing

established just cause for the relief granted herein; and all objections to the Motion,

if any, having been withdrawn or overruled; and upon all of the proceedings had before

the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned Chapter 11 Cases are consolidated for

procedural purposes only and shall be jointly administered by the Court.

3.      Nothing contained in this Order shall be deemed or construed as

directing or otherwise effecting any substantive consolidation of any of the above-

captioned Chapter 11 Cases.

4.      The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | **Chapter 11** |
| **BENITAGO INC.**, *et al.*, | **Case No. 23-_____ (___)** |
| **Debtors.**[1] | **(Jointly Administered)** |

---

[1] The last four digits of Benitago Inc.'s tax identification number are 9698.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/benitago.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  1 Liberty Street, Ste. 320, New York, New York 10006.

5.      All original pleadings shall be captioned as indicated in the preceding paragraph, and all original docket entries shall be made in the case of Benitago Inc., Case No. 23-XXXXX (__).

6.      An entry shall be on the on the docket of the Debtors' Chapter 11 Cases other than Parent, substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Benitago Inc. (Case No. 23-XXXXX) (__)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 23-XXXXX) (__) should be consulted for all matters affecting this case.

7.      The requirements under section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in these Chapter 11 Cases include the Debtors' identifying information are waived.  The Debtors shall include in all pleadings filed and each notice mailed by the Debtors a footnote listing each of the Debtors and their addresses.

8.      The Debtors shall file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and

Trustees, issued by the U.S. Trustee, in accordance with the applicable Instructions for

UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

9.      This Order shall apply to any future filing of any affiliate of the

Debtors; *provided, however*, that the Debtors shall file notice with the Court identifying

the cases of such affiliates and stating that this Order shall apply to such cases.

10.     This Order shall be immediately effective and enforceable upon its

entry.

11.     The Court shall retain jurisdiction with respect to all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

New York, New York

Dated: _____, 2023

_____
HONORABLE [                              ]
UNITED STATES BANKRUPTCY JUDGE